**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CITY OF SALINA, KANSAS, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA., et al.,** )<br>)<br>**Defendants.** )<br>) | No. 10-2298-CM-DJW |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion for partial dismissal and motion to strike (Doc. 7). The matter has been fully briefed and is ripe for decision. For the reasons stated herein, defendants' motion is granted in part and denied in part.

**I.  INTRODUCTION**

Plaintiffs bring this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, as amended by the Superfund and Reauthorization Act ("SARA") of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986). Plaintiffs seek to recover past and future response costs incurred in cleaning up contamination at the former Schilling Air Force Base area located in Salina, Kansas (the "site") under CERCLA § 107(a) because the United States ("U.S.") owned and operated the property at the time of the contamination. Plaintiffs also seek attorney's fees and injunctive relief requiring that the United States clean up all the contamination at the site.

Defendants move to dismiss Counts I and II of plaintiffs' first amended complaint for lack

of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Specifically, defendants claim that the court lacks subject matter jurisdiction because "the United States Army Corps of Engineers ("Corps") is conducting an ongoing response action at the Site under the Formerly Used Defense Sites ("FUDS") program, which operates under the authority of CERCLA Section 104, 42 U.S.C. § 9604, and CERCLA Section 113(h), 42 U.S.C. § 9613(h), bars challenges to ongoing response actions being taken under CERCLA Section 104." (Doc. 7 at 2.)

Defendants further claim that plaintiffs have failed to state a claim because Count 1 fails "to identify any non-discretionary duties that the United States has failed to perform[]" and Count II fails "to identify 'any standard, regulation, condition, requirement, or order' under CERCLA that the United States has violated." (Doc. 7 at 2.)

## II.    STANDARDS

Defendants' motion is brought under Fed. R. Civ. P. 12(b)(1). Plaintiffs, as the parties invoking the court's jurisdiction, bear the burden of establishing that federal jurisdiction exists. *Sobel v. United States*, 571 F. Supp. 2d 1222, 1226 (D. Kan. 2008). "Because the courts of the United States are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction." *Id.*

Motions to dismiss under Rule 12(b)(1) take one of two forms: (1) facial attacks and (2) factual attacks. *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

> Under a facial attack, the movant merely challenges the sufficiency of the
> complaint, requiring the district court to accept the allegations in the complaint as

2

> true. In a factual attack such as we have here, however, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. In such a situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).

*Id.* (internal citations omitted). If the court determines that the resolution of the jurisdictional issue is intertwined with the merits, then the court must convert the Rule 12(b)(1) motion into a Rule 12(b)(6) motion or Rule 56 summary judgment motion. *Id.*

Here, it appears that defendants are making a factual attack. Therefore, the court will consider evidence outside of the complaint.

## III. FACTS

The United States owned and operated the former Schilling Air Force Base on the site from 1942 until the mid-1960s. During the mid-1960s, the United States closed the base and transferred ownership of the land and buildings to plaintiffs Salina Airport Authority and Unified School District No. 305. Subsequent to the transfer, plaintiff Kansas State University opened a campus and plaintiff City of Salina has operated the wastewater treatment system, streets, public utility easement, and various rights of way at the site.

In June of 1991, the Corps commenced a preliminary assessment of the site and determined that hazardous waste was present. (Doc. 10-5.) On June 18, 1991, the Commander found that the site was eligible as a Defense Environmental Restoration Program-Formerly Used Defense Site ("DERP-FUDS") under 10 U.S.C. § 2701 *et seq*. (Doc. 10-6 at 2.)

Currently, the Corps' investigation and characterization work at the site is being done under

DERP-FUDS authority on behalf of the DOD.[1] The parties dispute what investigative and removal actions have been completed by the Corps. However, it is undisputed that the overall contamination cleanup of the site has not been completed.

## IV. ANALYSIS

CERCLA, as amended in 1986 by SARA, Pub. L. No. 99-99, 100 Stat. 1613, "grants the President broad power to command government agencies and private parties to clean up hazardous waste sites." *Key Tronic Corp. v. United States*, 511 U.S. 809, 814 (1994). Pursuant to 42 U.S.C. §§ 9604 and 9606, CERCLA provides a mechanism for cleaning up hazardous waste sites. Under § 9607, CERCLA imposes the costs of the cleanup on those responsible for the contamination. The "two primary goals of CERCLA have been recognized as (1) the promotion of prompt and effective cleanup of hazardous waste sites and (2) the sharing of financial responsibility among the 'parties who created the hazards.'" *S. Car. Dep't of Health & Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 251 (4th Cir. 2004).

### Jurisdiction

Defendants claim that the court is without jurisdiction to review plaintiffs' challenge to removal actions pursuant to CERCLA § 113(h), 42 U.S.C. § 9613(h). Defendants contend that § 9613(h) is applicable because the Corps' authority to perform the response actions derives from CERCLA § 104, 42 U.S.C. § 9604.

"In 1986, Congress amended CERCLA to add § 113(h) which bars federal courts from

---

[1] The Department of Defense ("DOD") and the Corps, in coordination with other federal agencies, have established national policies and internal guidance that govern the cleanup of the site.

4

exercising jurisdiction over 'any challenges' to removal or remedial environmental response actions taken pursuant to section 104 of CERCLA, 42 U.S.C. § 9604, while those response actions are ongoing." *City of Fresno v. United States*, 709 F. Supp. 2d 888, 898 (E.D. Cal. 2010). Section 9613(h) provides, in pertinent part:

> No Federal court shall have jurisdiction under Federal law other than under section 1332 of Title 28 (relating to diversity of citizenship jurisdiction) or under State law which is applicable or relevant and appropriate under section 9621 of this title (relating to cleanup standards) to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title, in any action. . . .

Section 9613(h) goes on to list five exceptions to the jurisdictional bar, but plaintiffs do not allege that any exception applies.

The Tenth Circuit has stated that "'[t]his clear and unequivocal provision is a blunt withdrawal of federal jurisdiction over challenges to ongoing CERCLA removal actions. . . . According to its plain language, § 9613(h) strips federal court jurisdiction once the Government has begun a removal action.'" *Cannon v. Gates*, 538 F.3d 1328, 1333 (10th Cir. 2008) (internal citations and quotation marks omitted). The purpose of section 9613(h) is to prevent piecemeal litigation and delay that might interfere with the ongoing cleanup efforts. *Id.* at 1332.

Plaintiffs respond that the environmental response actions being undertaken at the site are authorized pursuant to DERP-FUDS under 10 U.S.C. § 2701 as opposed to 42 U.S.C. § 9604. Plaintiffs argue that the § 9613(h) bar is limited to environmental response actions brought under §§ 9604 and 9606(a)[2] and therefore does not bar plaintiffs' citizen suit.

Defendants counter that DERP is not a separate grant of authority to conduct response

---

[2] Defendants do not contend that 42 U.S.C. § 9606(a) applies.

5

actions, but instead functions together with § 9604. Section 9604 grants the President authority to conduct response actions. According to defendants, "CERCLA § 104 establishes the President's authority to conduct response actions, and DERP explains how the President should delegate that authority." (Doc. 13, at 6.)

The President has delegated much of his authority under CERCLA § 104 to the Environmental Protection Agency ("EPA").[3] However, he has delegated his CERCLA authority over DOD sites to the Secretary of Defense ("Secretary").[4] *Cannon*, 538 F.3d at 1333 n. 4. "Pursuant to that authority, the Secretary cleans up 'formerly used defense sites' pursuant to [DERP], 10 U.S.C. §§ 2700-08." *Id.*

> In conjunction with CERCLA's amendments of 1986, and premised on this delegation to the Secretary, Congress established [DERP, 10 U.S.C. §§ 2700 *et seq*.]. DERP directs the Secretary to "carry out a program of environmental restoration" at facilities under his jurisdiction, but does not establish what the program should entail.

*ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1095 (9th Cir. 2005) (internal citations omitted).

---

[3] "On January 23, 1987, President Reagan issued Executive Order 12580, in which the President delegated his authority under CERCLA § 104 to the heads of executive departments and agencies, including the DOD, with respect to non-emergency removal actions 'where either the release is on or the sole source of the release is from any facility or vessel under the jurisdiction, custody or control of those departments and agencies.' Exec. Order 12580 at ¶¶ 2(d), 2(e), 52 Fed. Reg. 2923, 2924 (Jan. 23, 1987)." *R.E. Goodson Const. Co., Inc. v. Int'l Paper Co.*, No. C/A 4:02-4184-RBH, 2005 WL 2614927, at *22 (D. S.C. Oct. 13, 2005).

[4] Plaintiffs' argument that President Reagan's Executive Order 12580 only applies to facilities currently under the jurisdiction, custody or control of the DOD is not persuasive. First, plaintiffs cite no authority in support of their position. Second, both facilities in *Cannon* and *City of Fresno* were formally used defense sites that remained under the jurisdiction of the Secretary for removal and remediation purposes.

The DERP statute provides, in pertinent part:

(1) Basic responsibility.--The Secretary shall carry out (in accordance with the provisions of this chapter and CERCLA) all response actions with respect to releases of hazardous substances from each of the following:

. . . .

> (B) Each facility or site which was under the jurisdiction of the Secretary and owned by, leased to, or otherwise possessed by the United States at the time of actions leading to contamination by hazardous substances.

10 U.S.C. § 2701(c)(1)(B). This statute requires "the Secretary to undertake action in response to such hazardous waste sites in accordance with CERCLA." *Cannon*, 538 F.3d at 1333 n.4.

The court has reviewed *Cannon* and *City of Fresno* and finds them to be persuasive on the issue of whether 10 U.S.C. § 2701(c) functions together with CERCLA § 104, 42 U.S.C. § 9604.

In *Cannon*, the Tenth Circuit stated in a footnote that the Secretary was to undertake a response action pursuant to DERP in accordance with CERCLA. *Cannon*, 538 F.3d at 1333 n.4. While the parties stipulated that DERP "'uses a cleanup process consistent with CERCLA and the National Contingency Plan, 40 C.F.R. Part 300,' and thus, that 42 U.S.C. §§ 9604 and 9613(h) apply . . . " the same reasoning is applicable in the present case. *Id.*

In *City of Fresno*, the site in issue was part of the FUDS program. 709 F. Supp. 2d at 899. The court noted that the DERP statute authorized remediation work at the site. *Id.* While the issue before the court in *City of Fresno* was different than in the present case, there are similar facts relating to the sites, *i.e.*, the sites are privately owned by plaintiffs, are FUDS and subject to the DERP statute, and are currently part of an ongoing remediation program. *Id.* at 905. The court in *City of Fresno* cited *McClellan Ecological Seepage Situation v. Perry*, 47 F.3d 325, 329 (9th Cir. 1995), which held "that Section 113 withholds federal jurisdiction to review any of [plaintiff's]

7

claims, including those made in citizen suits and under non-CERCLA statutes, that are found to constitute 'challenges' to ongoing CERCLA cleanup actions." *See also United States v. Colorado*, 990 F.2d 1565, 1577 (10th Cir. 1993) ("[T]he plain language of § 9613(h) bars federal courts from exercising jurisdiction, not only under CERCLA, but under any federal law to review a challenge to a CERCLA remedial action.").

The court rejects plaintiffs' argument that the two do not function together. However, this court must answer two questions to determine whether § 9613's jurisdictional bar applies to this case: (1) whether the United States has "selected a removal or remedial action" under 42 U.S.C. § 9604; and, if so (2) whether plaintiffs' claims present a "challenge" to that removal or remedial action. *Cannon*, 538 F.3d at 1332–33.

## "Selection" of Removal or Remedial Action

According to the Tenth Circuit, the analysis of whether the United States selected a removal or remedial action "'begin[s] and end[s] with the language of [§ 9613(h)].'" *Cannon*, 538 F.3d at 1333 (quoting *Gen. Elec. Co. v. E.P.A.*, 360 F.3d 188, 191 (D.C. Cir. 2004)). A removal action is ongoing—and § 9613 is triggered—"even if the [g]overnment has only begun to 'monitor, assess, and evaluate the release or threat of release of hazardous substances.'" *Cannon*, 538 F.3d at 1334 (quoting *Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236, 239 (9th Cir. 1995)). In this case, there is no dispute that the Commander "selected the removal or remedial action" under 10 U.S.C. § 2701 *et seq.* pursuant to its authority under 42 U.S.C. § 9604 in June of 1991, triggering the jurisdictional bar of 42 U.S.C. § 9613(h).

Here, as in *City of Fresno*, the site is a FUDS. Removal and remediation programs of

formally owned defense sites are authorized under DERP, 10 U.S.C. § 2701(c)(1)(B). In their first amended complaint, plaintiffs state that "[defendants have failed and continue to fail to perform non-discretionary acts and/or duties . . . [and] have violated and continue to violate standards, regulations, conditions and requirements under CERCLA including, without limitation, §§ 9604(e), 9607(a) and (g), 9620(a)(1), 2701 and 2705. (Doc. 5, at 25, paras. 113–14.) Plaintiffs are seeking to challenge an ongoing removal program by the President, which was delegated to the Secretary under the DERP statute, 10 U.S.C. § 2701(c)(1)(B), and which must be performed in accordance with CERCLA. All the evidence points to the applicability of § 9604, which falls under the jurisdictional bar of § 9613(h).

### "Challenge" to Response Action

The Tenth Circuit has distinguished between a review of a CERCLA response action and a "challenge" to a CERCLA response action. *Colorado*, 990 F.2d at 1575 (stating that "§ 9613(h) does not bar federal courts from reviewing a CERCLA response action prior to its completion; rather, it bars federal courts from reviewing any 'challenges' to CERCLA response actions[]"). A citizen suit brought to enforce a CERCLA response action is not barred by § 9613(h). *Id.* at 1278.

> A lawsuit challenges a removal action if it "calls into question [that removal] plan." . . . . In other words, a suit challenges a removal action if it "interferes with the implementation of a CERCLA remedy" because "the relief requested will impact the [removal] action selected."

*Cannon*, 538 F.3d at 1335 (internal citations omitted).

The Tenth Circuit has noted that CERCLA provides a mechanism for the "prompt and efficient cleanup of hazardous waste sites." *United States v. City & County of Denver*, 100 F.3d 1509, 1511 (10th Cir. 1996). CERCLA protects the execution of a CERCLA plan during its

pendency from lawsuits that might interfere with the expeditious cleanup effort. In enacting the jurisdictional bar of § 9613(h), Congress intended to "prevent time-consuming litigation which might interfere with the CERCLA's overall goal of effecting the prompt cleanup of hazardous waste sites." *Denver*, 100 F.3d at 1514. In other words, where a remedy is selected, no challenge to the cleanup may occur prior to completion of the remedy." *New Mexico v. Gen. Elec. Co.*, 467 F.3d 1223, 1249 (10th Cir. 2006).

In their first amended complaint, plaintiffs allege several duties that defendants have failed and continue to fail to perform. Plaintiffs request that the court order that defendants complete various reports and perform acts and duties at the site required under FUDS and DOD policy and procedure. (Doc. 5, at 28–31.) The same is true for Count II. (Doc. 5, at 36–39.)

Defendants claim that plaintiffs' citizen suit is a challenge to the Corps' response action because plaintiffs are seeking injunctive relief. Plaintiffs do not respond.

The court agrees with defendants' position. Plaintiffs' requested relief will interfere with the Corps' removal action. *See Cannon*, 538 F.3d at 1335 (stating that the plaintiffs' requested injunctive relief will undoubtedly interfere with the removal efforts). More important, plaintiffs do not argue otherwise. Plaintiffs' citizen suit constitutes a "challenge" to defendants' removal actions and is therefore barred by § 9613(h).

Although the court is sensitive to plaintiffs' concerns regarding open-ended remedial and removal actions, the plain language of the statute prevents this court from exercising jurisdiction over these particular claims. *Compare Frey v. EPA*, 403 F.3d 828 (7th Cir. 2005). Because the court has found that it lacks subject matter jurisdiction over Counts I and II pursuant to § 9613(h), it

will not address defendants' claims that Count I fails to identify any duties that could give rise to a citizen suit under section 310(a)(2) and that plaintiffs fail to state a claim under CERCLA section 310(a)(1). Likewise, the court will not address defendants' estoppel argument.

## Attorney's Fees

Plaintiffs seek attorney's fees and costs. Regarding costs, Section 9659(f) provides, in pertinent part:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or the substantially prevailing party whenever the court determines such an award is appropriate.

Defendants claim that attorney's fees associated with plaintiffs' CERCLA § 107 cost recovery claim are not recoverable. Defendants cite *Key Tronic Corp. v. United States*, 511 U.S. 809, 811 (1994), in support.

Section 9607(a)(4)(B) provides:

> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for--
> . . . .
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan[.]

The definition section of CERCLA, 42 U.S.C. § 9601, defines "respond" or "response" as removal, remedy, and remedial action, which includes related enforcement activities.

The issue presented in *Key Tronic* was whether attorney's fees are "necessary costs of response" within the meaning of CERCLA § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B), and therefore recoverable. The United States Supreme Court noted that "Congress included two express

11

provisions for fee awards in SARA provisions without including a similar provision in either § 113, which expressly authorizes contribution claims, or in § 107, which impliedly authorizes private parties to recover cleanup costs from other PRP's. These omissions strongly suggest a deliberate decision not to authorize such awards." *Id.* at 818–19. The Court went on to hold that "CERCLA § 107 does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." *Id.* at 819.

The Tenth Circuit has also held that only nonlitigation fees are recoverable under CERCLA as response costs. *FMC Corp. v. Aero Indus., Inc.*, 998 F.2d 842, 848 (10th Cir. 1993). Nonlitigation attorney's fees include those that are related to the response and removal efforts, i.e. enforcement activities not solely for the purpose of litigation, but necessary for the removal. *See id.* ("'[N]ecessary costs of response' must be necessary to the containment and cleanup of hazardous releases.").

Based on the authority detailed above, the court finds that attorney's fees related to litigation of this case are not necessary costs of the response included in recoverable costs under 42 U.S.C. § 9607(a)(4)(B). Therefore, plaintiffs may not recover litigation attorney's fees in the event that they are successful on their § 9607 cost recovery claim.

Conflict of Interest

In their first amended complaint, plaintiffs allege a conflict of interest among defendants, which is contributing to the DOD and Secretary's attempt to deny, delay and minimize their CERCLA liability. (Doc. 5, at 10–11.) Plaintiffs allege that the "conflict of interest and inter-agency/departmental enforcement barriers have delayed and impeded cleanup of hazardous

12

substances and other contaminants at the Site." (Doc. 5, at 11, para. 42).

Defendants move to strike plaintiffs' allegations of conflict of interest and claim that they are contrary to law and cannot be the basis for any relief.

Plaintiffs respond that they "do not assert the existence of the type of legal conflict of interest in which the Defendants refer and do not attempt to predicate a claim for relief on such a conflict." (Doc. 10, at 34.)

It appears as though plaintiffs are not making a specific claim, but instead provide allegations of a conflict of interest as background facts in support of their position that defendants are delaying and/or trying to minimize their responsibility with the removal project at the site. The court finds that plaintiffs' allegations are relevant to their claims. Defendants are not prejudiced by leaving paragraphs 39 through 43 and 119 in the first amended complaint and their motion to strike is denied.

## V. CONCLUSION

Defendants' motion for partial dismissal of plaintiffs' first amended complaint (Doc. 7) is granted in part and denied in part. Specifically, defendants' motion to dismiss Counts I and II for lack of subject matter jurisdiction is granted. Defendants' motion to dismiss plaintiffs' request for attorney's fees under § 9607(a)(4)(B), with the exception of nonlitigation attorney's fees, is also granted. Defendants' motion to strike plaintiffs' allegations of a conflict of interest in their first amended complaint is denied.

**IT IS SO ORDERED.**

Dated this 25th day of March 2011, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**